IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

KENNETH OLMSTEAD
AND SIMILARLY SITUATED
EMPLOYEES,

    Plaintiff,

      v.

RDJE, INC., et al.,

    Defendants.

CIVIL ACTION FILE
NO. 3:16-CV-198-TWT

**OPINION AND ORDER**

      This is an action under the Fair Labor Standards Act for unpaid overtime wages. It is before the Court on the Plaintiff's Motion for Conditional Certification and Facilitation of Court-Authorized Notice [Doc. 30]. For the following reasons, the Plaintiff's Motion is GRANTED.

**I. Background**

      The Defendant, Ronny D. Jones, owns and operates the Defendant RDJE, Inc., a construction firm headquartered in Newnan, Georgia. The named Plaintiff, Kenneth Olmstead, was employed at RDJE as a general laborer from March 11, 2012 to April 23, 2016. The four opt-in Plaintiffs were employed by RDJE at different times during

2013-2016 as general laborers for various construction projects. Though their compensation rates varied, it is undisputed that all of the laborers were paid at an hourly rate beginning when they arrived at the worksite. However, the Plaintiff alleges that before reporting to the worksite, the laborers were required to report each day to the RDJE "shop" first to receive instructions and tools for that day's job. While the Defendants dispute that the laborers were required to show up at the shop first, they agree that the laborers were not paid for any time spent prior to arriving at the worksite. The Plaintiff claims that he and the other laborers are owed unpaid overtime wages for this time, and now seeks to bring a collective action on behalf of himself and all other similarly situated laborers employed by the Defendants from 2013 to the present who worked more than forty hours per week, but were not paid proper overtime wages for their time prior to arriving at the worksite.

## II.  Standard for Conditional Certification of FLSA Collectives

A collective action under the Fair Labor Standards Act "may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing[.]"[1] This Court has discretion to authorize the sending of notice to potential class members in a collective

---

[1]  29 U.S.C. § 216(b).

action.[2] Unlike class actions under Rule 23, a collective action under the FLSA requires individuals to opt-in to the action instead of opting out.[3] Whether or not to certify a collective action is "soundly within the discretion of the district court."[4]

Courts typically employ a two-step process to determine whether employees are similarly situated so that a collective action is proper. The first step is the "notice" or "conditional certification" stage.[5] At this stage, the Court may grant conditional certification if a plaintiff demonstrates a reasonable basis to believe that: (1) there are other employees of the defendant who desire to opt-in; and (2) that these other employees are "'similarly situated' with respect to their job requirements and with regard to their pay provisions."[6]

A class plaintiff's burden is "not particularly stringent," "fairly lenient," and "not heavy," and may be met with "detailed allegations supported by affidavits which

---

[2] Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 169-70 (1989).

[3] Shabazz v. Asurion Ins. Serv., No. 3:07-0653, 2008 WL 1730318, at *2 (M.D. Tenn. 2008), citing Douglas v. GE Energy Reuter Stokes, No. 1:07-CV-77, 2007 WL 1341779, at *2 (N.D. Ohio 2007).

[4] Hipp v. Liberty Nat. Life Ins. Co., 252 F.3d 1208, 1219 (11th Cir. 2001).

[5] Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1260-61 (11th Cir. 2008).

[6] Dybach v. State of Fla. Dep't of Corrs., 942 F.2d 1562, 1567-68 (11th Cir. 1991).

successfully engage defendants' affidavits to the contrary."[7] While courts have not defined "similarly situated," it is clear that a plaintiff does not need to show that his position is "identical" to the position held by any other putative class member.[8] The Court has "broad discretion at the notice stage," but is "constrained, to some extent, by the leniency of the standard for the exercise of that discretion."[9]

### III. Discussion

**A. The Putative Class Members are Similarly Situated**

The first question the Court addresses is whether the named Plaintiff and the putative members of the proposed class are similarly situated. The Eleventh Circuit has said that "opt-in plaintiffs 'need show only that their positions are similar, not identical, to the positions held by the putative class members.'"[10] In other words, as long as the Plaintiff can show that the members of the proposed class all shared the same position or were subject to the same policy, they are similarly situated.[11]

---

[7] Morgan, 551 F.3d at 1261; Grayson v. K Mart Corp., 79 F.3d 1086, 1097 (11th Cir. 1996).

[8] Grayson, 79 F.3d at 1096.

[9] Morgan, 551 F.3d at 1261.

[10] Calderone v. Scott, 838 F.3d 1101, 1104 (11th Cir. 2016) (quoting Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1217 (11th Cir. 2001)).

[11] See Scott v. Heartland Home Fin., Inc., No. CIV.A. 1:05-CV-2812-TWT, 2006 WL 1209813, at *2 (N.D. Ga. May 3, 2006) (Thrash, J.) (stating that while a

In this case, the Plaintiff has made this showing sufficiently. He proposes a relatively narrow class, consisting of only one type of employee ("laborers"), who are all paid an hourly wage, and who worked for RDJE within a certain window of time. He has supported the existence of the class with the declarations of both the named Plaintiff and an opt-in Plaintiff.[12] And the Defendants have admitted that RDJE did not pay laborers for time spent at the shop and traveling to the worksite.[13] Putting it differently, the putative class in this case consists of employees who all held the same position, who were all paid the same way, and who were all subject to RDJE's practice of not paying for shop and travel time. This is enough to satisfy this prong of the conditional certification analysis.

The main thrust of the Defendants' argument opposing conditional certification focuses on the sufficiency of the Plaintiff's submissions–two nearly identical declarations based on the declarants' personal knowledge and observations–to support a showing of similarity. The Defendants first cite a number of federal cases from

---

unified policy, plan, or decision affecting all putative class members can be sufficient to establish members as being similarly situated, it is not strictly necessary).

[12]  See Olmstead Decl. ¶¶ 7-18; Barber Decl. ¶¶ 7-18.

[13]  Defs.' Resp. to Pl.'s Mot. for Conditional Cert., at 5-6. The Defendants argue that RDJE did not have to pay them for this time because they did not require the laborers to come to the shop first, but this argument goes to the merits of the case, which are not addressed at the conditional certification stage.

Florida for the proposition that affidavits containing conclusory allegations, or that seem to be copies of each other notwithstanding minor changes, are not enough to carry the Plaintiff's burden.[14] The Defendants' citations are inapposite here, however, because not only are the Plaintiff's declarations not conclusory–especially considering the Defendants have admitted RDJE did not pay laborers for shop and travel time–but this Court has specifically taken the opposite approach to that of its sister courts in Florida. As this Court stated in Bradford v. CVS Pharmacy, Inc., "[w]hile some courts have given duplicative affidavits less weight, this Court does not think that it is appropriate to deny to conditionally certify a collective action on this basis alone."[15]

---

[14] See, e.g., Ramos v. Burger King Corp., No. 8:11-cv-642-T-30MAP, 2011 WL 4634024, at *2 (M.D. Fla. Oct. 6, 2011) (denying conditional certification based on declarations containing "conclusory allegations" that "provide no real evidence"); Kelley v. Taxprep1, Inc., No. 5:13-cv-451-Oc-22PRL, 2014 WL 10248251, at *2 (M.D. Fla. Apr. 2, 2014) (denying conditional certification and stating the "Plaintiffs' 'four cut-and-paste, form affidavits . . . are insufficient' to satisfy Plaintiffs' burden"); Palacios v. Boehringer Ingelheim Pharm., Inc., No. 8:10-CV-320-T-27MAP, 2011 WL 6794438, at *5 (S.D. Fla. Apr. 19, 2011) (denying conditional certification and stating "[t]he Court strongly disapproves of the use of boilerplate attorney-drafted declarations"); Delano v. MasTec, Inc., No. 8:10-CV-320-T-27MAP, 2011 WL 2173864, at *5 (M.D. Fla. June 2, 2011) (denying conditional certification and stating that courts "routinely denied requests for conditional certification where plaintiffs attempt to certify a broad class based only on the conclusory allegations of a few employees"); Rappaport v. Embarq Mgmt. Co., No. 6:07-cv-468-Orl-19DAB, 2007 WL 4482581, at *4 n.3 (M.D. Fla. Dec. 18, 2007) (denying conditional certification based on "conclusory allegations").

[15] Bradford v. CVS Pharmacy, Inc., No. 1:12-CV-1159-TWT, 2013 WL 425060, at *3 (N.D. Ga. Feb. 4, 2013).

To take the Defendants' suggested approach would be to make a determination of the declarants' credibility, which is inappropriate at this stage.

The Defendants next argue that personal knowledge and observations are not an acceptable basis of support for claiming that employees are similarly situated. In support, the Defendants cite Mata v. Foodbridge LLC,[16] a case from the Southern District of New York. The plaintiff in that case was an employee at the defendants' restaurants who claimed that he had not been paid proper overtime wages.[17] Based on his "observations and conversations with other employees," the plaintiff asserted that many other employees had also failed to receive their proper wages, and cited the names of seventeen coworkers whom he said hoped to join the suit.[18] The plaintiff filed suit on behalf of himself and these other employees, including "cooks, line-cooks, dishwashers, food preparers, cashiers, delivery persons, and counter persons employed by [d]efendants."[19]

The court eventually denied conditional certification, and the Defendants claim that this was because the only evidence for the plaintiff's claims was his own

---

[16] Mata v. Foodbridge LLC, No. 14 Civ. 8754(ER), 2015 WL 3457293, at *1 (S.D.N.Y. June 1, 2015).

[17] Id.

[18] Id.

[19] Id.

"observations and conversations."[20] But a plain reading of that case makes clear that this was not in any way the reason for the court's decision to deny conditional certification–in fact, the Mata court said the exact opposite. There, as here, the "[d]efendants are wrong to suggest that [p]laintiff was required to buttress his motion with affidavits besides his own or with other documentary evidence. Rather, courts in [the Second Circuit] have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit."[21] And as the Mata court stated, the plaintiff could have made the "modest factual showing required at this stage of the proceeding with only the allegations contained in his Complaint and personal affidavit."[22]

The real problem for the Mata court, and the reason why that court did not certify the class, was that the plaintiff's pleadings were overly-broad and under-detailed. The Mata plaintiff tried to certify a class that included numerous different types of jobs, but provided "no concrete facts evidencing a common scheme or plan of wage and hour violations *for employees engaged in different job functions*."[23] In

---

[20] See Defs.' Resp. to Pl.'s Mot. for Conditional Cert., at 12-13.

[21] Mata, 2015 WL 3457293, at *3.

[22] Id. (quotations and citations omitted).

[23] Id.

that context, the plaintiff needed more concrete allegations regarding the defendants' policies because he himself had not held the other jobs he was trying to include in the class. Thus, while he could speak to the fact that the defendants might have a policy which affected him, his allegations carried less weight when suggesting that those policies applied to others outside of his particular job function.

As the Mata court said, his observations and conversations with other employees could have potentially overcome this shortfall. The plaintiff, however, failed to "provide any detail" as to "where or when these observations and conversations occurred."[24] The court said that these details were "critical," especially "where a conditional certification motion is based on the lone affidavit of a single employee, who performed a single job function."[25] By contrast, the Mata court cited another case out of the Southern District of New York in which that court agreed to conditionally certify a class where there were "two employees who corroborate[d] each others' personal treatment and observations of the treatment of other employees."[26]

---

[24] Id. at *4.

[25] Id.

[26] Id. (citing Garcia v. Spectrum of Creations Inc., 102 F. Supp. 3d 541, 548 (S.D.N.Y. 2015)) (quotations omitted).

In this case, the Plaintiff has limited the proposed class to one particular job. He and the other declarant have stated that, in their experience, the Defendants had a policy which did not pay them for time spent at the shop and on the road. They have alleged, based on their own observations and conversations with other employees, that this policy was not limited to them, but applied to all laborers. They have provided at least some details of these conversations.[27] And the Defendants have admitted that this was their policy.[28] Taken together, these allegations provide enough support to show that the putative class members are similarly situated.

### B. The Plaintiff Has Shown Sufficient Interest

Of course, it is not enough to be similarly situated; the Plaintiff must also show that others desire to join the suit. The Eleventh Circuit's standard for demonstrating interest at this stage is relatively vague. As a result, courts in this Circuit have varied widely in what they consider to be sufficient. For example, some courts require significant amounts of evidence indicating interest before they will conditionally

---

[27] The details provided are admittedly minimal, but at least more substantial than the plaintiff in Mata.

[28] For this reason, the Defendants' throw away argument regarding "rogue managers" makes no sense here. The only issue in this case is the Defendants' practice of not paying for time spent at the shop and traveling to the work place. Since the Defendants have acknowledged this was their policy, blaming it on "rogue managers" makes no sense.

certify a class.[29] Meanwhile, other courts have taken the requirement to mean that a plaintiff must merely show enough to raise class interest above "pure speculation."[30]

It is the Court's opinion that the latter, less stringent approach is the correct one, and that generally speaking, the more plaintiffs who have already opted in, the less additional evidence of interest needs to be shown. The Court acknowledges that the presence of numerous plaintiffs who have already opted-in could conceivably support two "opposing conclusions: [that] (1) there are likely to be others interested in the action; and (2) the action's existence is well-known and those employees who have an interest in the matter have [already] opted in."[31] But the Court finds this acceptable in

---

[29] Compare Wombles v. Title Max of Alabama, Inc., No. CIV.A. 303CV1158CWO, 2005 WL 3312670, at *1 (M.D. Ala. Dec. 7, 2005) (denying conditional certification for a class with five named plaintiffs who had personal knowledge of other interested class members, but no additional affidavits outside of those already involved in the case) and Echevarria v. Las Vegas Beach, Inc., No. 10-20200-CIV, 2010 WL 2179747, at *2 (S.D. Fla. June 1, 2010) (denying conditional certification where "numerous employees have already opted in to the action," but no other evidence to indicate interest) with Pendlebury v. Starbucks Coffee Co., No. 04-CV-80521, 2005 WL 84500, at *1 (S.D. Fla. Jan. 3, 2005) (approving conditional certification for a class with two plaintiffs, four additional affidavits of potential opt-in plaintiffs, and ten names of interested class members).

[30] Guerra v. Big Johnson Concrete Pumping, Inc., No. 05-14237-CIV, 2006 WL 2290512, at *4 (S.D. Fla. May 17, 2006) (approving conditional certification where the presence of only one additional affidavit "rais[ed] the Plaintiff's contention beyond one of pure speculation."). See also Riddle v. Suntrust Bank, No. 1:08-CV-1411-RWS, 2009 WL 3148768, at *3 (N.D. Ga. Sept. 29, 2009) (approving conditional certification with three additional opt-in plaintiffs).

[31] Echevarria, 2010 WL 2179747, at *2.

light of the relatively lenient nature of the conditional certification stage. To hold otherwise would punish plaintiffs who have done their homework and already gotten multiple people to opt-in, and such a standard could be manipulated by having interested plaintiffs simply file affidavits of interest prior to conditional certification instead of opt-in forms.

Of course, this does not mean that there is some magic number of plaintiffs that will show enough interest. The evidence provided, including the number of plaintiffs who have already opted-in or names of people who have indicated interest in joining the suit, must be considered in light of the size of the proposed class and the publicity of the suit at the time of the motion for conditional certification. The evidence required to show interest, for example, for a class consisting of a mom-and-pop store with three locations in a limited geographic area would likely be less than that required for a nationwide class of WalMart employees that has received considerable news coverage.[32]

In this case, in addition to the named Plaintiff Olmstead, four other individuals have submitted consent forms opting-in to this litigation.[33] Though there is no

---

[32] See Riddle, 2009 WL 3148768, at *3 (approving conditional certification where three opt-ins might have constituted 22 percent of the putative class, which was also spread out over a wide geographic area).

[33] See Consent to Join Forms [Doc. Nos. 2, 5, 20, 21, 26].

evidence as of yet as to the exact size of the putative class, it cannot be a relatively large one, as RDJE only operates in Georgia and Alabama. Given the size of the putative class, the Court is satisfied at this point that the presence of five plaintiffs sufficiently demonstrates an interest by other employees to opt-in to the suit.

### C. Proposed Notice

The Defendants object to the Plaintiff's proposed notice on three separate grounds. First, the Defendants contend that the Plaintiff seeks too much personal contact information from putative class members on their proposed consent form, and that they should be limited to physical addresses. This Court, however, has approved the use of telephone numbers before,[34] and as the Plaintiff points out, e-mail addresses are significantly more effective at reaching potential plaintiffs in cases, such as this one, where a potential plaintiff's occupation makes it less likely for him to have a permanent address. The Court consequently finds no issue with the Plaintiff's request for the e-mail and telephone numbers of putative class members.

Next, the Defendants argue that the Plaintiff's proposed notice is overly broad, and defines a class that is not appropriately defined in time. The Plaintiff's proposed notice defines the relevant employment period for putative class members as ranging from December 2013 to present. This means that the Plaintiff used the date of filing

---

[34]  See Bradford, 2013 WL 425060 at *6.

as the starting date for the class. This date, however, does not apply to the opt-in plaintiffs; the more correct date to use is the date of the issuance of an approved collective action notice.[35]

And lastly, the Defendants object to "numerous other deficiencies which unfairly prejudice [the] Defendants."[36] Rather than exhaust the Court's time with these objections, the Court directs the parties to confer in good faith in an effort to submit a joint proposed opt-in notice for Court approval that conforms to this Order.

---

[35] See 29 U.S.C. § 256; Anglada v. Linens 'N Things, Inc., No. 06CIV.12901(CM)(LMS), 2007 WL 1552511, at *9 n.5 (S.D.N.Y. Apr. 26, 2007), report and recommendation adopted (May 22, 2007).

[36] Defs.' Resp. to Pl.'s Mot. for Conditional Cert., at 22.

## IV. Conclusion

For the reasons stated above, the Plaintiff's Motion for Conditional Certification [Doc. 30] is hereby GRANTED. The Class shall be defined as follows:

> All current and former persons employed by RDJE, Inc. and/or Ronny D. Jones as "Laborers" from _____, 2014 [3 years prior to the mailing date] to _____, 2017 [the mailing date], who worked over 40 hours per week, were not paid for time spent at the shop and/or time spent traveling between the shop and the job site, and who did not receive proper overtime wages at the rate of one and one-half times their regular rate of pay.

The Court also ORDERS the Defendants to provide the Plaintiff with a list of the names, addresses, e-mail addresses, and phone numbers of all laborers who were employed by the Defendants within three years prior to the date of this Order. The Court DIRECTS the parties to confer and jointly submit a proposed opt-in notice consistent with this Order for Court approval.

SO ORDERED, this 30 day of August, 2017.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge