# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (hereinafter, the "Agreement") is made and entered by and between, on the one hand, Plaintiffs KENNETH OLMSTEAD, MARLOUIS BARBER, JAMES TURLINGTON, JOSEPH HOWARD, RONNIE JOHNSON, SYDNEY HILGENBERG, and JUSTIN MARTIN ("Plaintiffs") and, on the other hand, Defendants RDJE, INC. and RONNY D. JONES ("Defendants").  Defendants and Plaintiffs (collectively, the "Settling Parties") agree to do all things necessary and appropriate to obtain approval of this Agreement in consideration for: (a) payment by Defendants of the consideration expressed herein subject to the terms, conditions, and limitations of this Agreement; (b) the release and dismissal with prejudice of all claims by Plaintiffs for alleged violations of the Fair Labor Standards Act ("FLSA"), including but not limited to, claims for failure to pay minimum wage and overtime compensation; and (c) other valuable monetary and non-monetary consideration as set forth herein.

## I.    COVENANTS AND DISCLOSURES

**A.    Covenant to Cooperate:** The Settling Parties shall cooperate with each other to prepare and file a mutually-agreeable consent motion seeking the court's approval of this Agreement within 7 days of the final execution of this

Agreement by the Settling Parties.   This Agreement shall be <u>Exhibit 1</u> to the Parties' Consent Motion for Settlement Approval.

      **B.**    **Disclosure on Adequacy and Fairness of Settlement:**  On February 20, 2018, Counsel for the Settling Parties agreed to resolve this case for the Plaintiffs during a mediation facilitated by mediator Daniel Klein.  The settlement monies are to be divided among the Plaintiffs as provided in paragraph II (F) below.  The Settling Parties and their respective counsel believe this Agreement constitutes a fair and reasonable compromise of disputed claims and enter into this Agreement voluntarily and knowingly after analyzing the risks of continued litigation and their likelihood of success on the merits and negotiating its material terms at arm's length between counsel for the Settling Parties.  The payments to Plaintiffs in this Agreement constitute valid consideration for their return promises, releases, and obligations provided in this Agreement.  Plaintiffs acknowledge that, with the payments stated in this Agreement, they have been fully compensated by Defendants for all unpaid wages, including unpaid minimum wages, overtime wages, liquidated damages, attorneys' fees and any other damages allegedly owed by Defendants, and that no other form of compensation or other damage of any kind is owed to them by Defendants.  Plaintiffs further acknowledge that they are receiving adequate consideration for their full release of claims in this Agreement

and that such consideration, but for this Agreement, would not otherwise be owed to them. In reaching this Agreement, the Parties acknowledge and appreciate the expense and length of continued proceedings to prosecute this matter through trial and appeals and have considered the uncertain outcome and risk of continued litigation.  The Settling Parties believe this Agreement confers substantial benefits upon the Plaintiffs and the Defendants.

## II.   <u>SETTLEMENT APPROVAL PROCEDURE</u>

This Agreement will become final and effective upon occurrence of all of the following events:

**A.**   Full execution of the Agreement by the Settling Parties;

**B.**   Submission of this Agreement to the Court for approval by means of a Consent Motion for Settlement Approval;

**C.**   Entry of an Order by the Court granting approval of this Agreement;

**D.**   Payment of all February 20, 2018 mediation costs/fees to Daniel Klein; and

E.   Delivery from Defendants to Plaintiffs of settlement proceeds in amounts set forth below:

| | |
|---|---|
| Kenneth Olmstead | $18,0000.00 |
| Marlouis Barber | $ 17,000.00 |
| James Turlington | $ 500.00 |
| Ronnie Johnson | $10,000.00 |

| | |
|---|---|
| Joseph Howard | $12,000.00 |
| Sydney Hilgenberg | $500.00 |
| Justin Martin | $200.00 |
| Morgan & Morgan, PLLC | $36,800.00 |
| **Gross settlement amount:** | **$95,000.00** |

1.      The back-pay amounts to Plaintiffs are subject to applicable withholding taxes.  The settlement amount identified immediately above shall be payable by Defendants to Plaintiffs (and their counsel) within ten (10) business days after an Order by the Court granting approval of this Agreement.

2.      A Form 1099 will be issued by Defendants to Plaintiffs' Counsel whose federal tax I.D. number will be supplied to Defendants.  Prior to the delivery of any settlement proceeds, Plaintiffs' Counsel agrees to complete and return to Defendants' Counsel an IRS Form W-9 for Morgan & Morgan.

**E**.      Within five (5) business days of the date of the payments made by Defendants hereunder, Plaintiffs' Counsel will cause to be filed with the Court a Stipulation of Dismissal with Prejudice of the civil action it filed on behalf of the Plaintiffs and against Defendants.

## III.   EFFECT OF NON-APPROVAL

In the event that any of the conditions specified in Section II of this Agreement are not satisfied, or in the event that this Agreement does not obtain approval of the Court for any reason, all matters covered by this Agreement shall

be null and void.  In such event, nothing in this Agreement shall be used or construed by or against any party as a determination, admission, or concession of any issue of law or fact in the litigation; and the Settling Parties do not waive, and instead expressly reserve, their respective rights with respect to the prosecution and defense of the litigation as if this Agreement never existed.

## IV.   <u>RELEASE BY PLAINTIFFS</u>

A.    In exchange for the consideration recited in this Agreement, Plaintiffs hereby agree to dismiss with prejudice the civil action filed by Plaintiffs' counsel and not to re-file the same and to forever release, acquit, discharge, and covenant not to sue Defendants and all of their past, present, and future divisions, affiliates, predecessors, successors, shareholders, officers, directors, employees, agents, attorneys, trustees, representatives, administrators, fiduciaries, assigns, subrogees, executors, partners, parents, subsidiaries and privies (collectively, the "Releasees") for: (a) the alleged failure to pay for hours worked during Plaintiffs' employment with Defendants as of the date of this Agreement; (b) the alleged violation of the Fair Labor Standards Act ("FLSA") arising from Plaintiffs' employment with Defendants as of the date of this Agreement; and (c) all claims which have been brought against Defendants in the matter of *Kenneth Olmstead, on behalf of himself and those similarly situated v. RDJE, Inc. and Ronny D. Jones,* U.S.

District Court, N.D. Georgia, Newnan Division, Civil Action File No. 3:16-CV-00198-TWT.

**B.**     In addition, Plaintiffs hereby agree to waive all other claims against the Releasees, and (unless required to enforce this Agreement) promise not to sue the Releasees for any claims arising out of Plaintiffs' employment with Defendants and/or termination therefrom as of the date of this Agreement.  Specifically, and without limiting the generality of the foregoing, Plaintiffs, for themselves and their heirs and estates, fully release the Releasees from any and all claims, liabilities, promises, contracts, suits, costs, expenses and attorneys' fees which have been or could have been asserted by them or on their behalf in any forum for circumstances arising up to and including the date of this Agreement.  This release includes without limitation any and all claims, including claims of discrimination, retaliation and harassment on the basis of race, color, religion, sex, national origin, disability, or age, and claims based on a theory of contract, promissory estoppel, personal or bodily injury, defamation, loss of consortium, emotional distress, humiliation, loss of standing and prestige, retaliation, violation of public policy or any other tort.  This release specifically includes a release of all claims which could be asserted under any law or court decisions of the state of Georgia or any other state, and any other federal, state, city, or local statute, ordinance, or

regulation.  This release includes, without limitation, any and all claims, whether legal, equitable, compensatory, liquidated, punitive, or in the form of attorneys' fees, expenses, or costs.

## V.     REPRESENTATION BY COUNSEL

All of the Settling Parties acknowledge that they have been represented by counsel throughout all negotiations which preceded the execution of this Agreement and that this Agreement has been executed after receiving advice from their respective counsel.

## VI.     NO ADMISSION OF LIABILITY

The Settling Parties acknowledge and agree that liability for the actions which are the subject matter of this Agreement is disputed by the Settling Parties. This Agreement and the settlement are a compromise and shall not be construed as an admission of liability at any time or for any purpose, under any circumstances, by the Settling Parties to this Agreement.   The Settling Parties further acknowledge and agree that this Agreement and the settlement shall not be used to suggest an admission of liability in any dispute the Settling Parties may have now or in the future with respect to any person or entity.  Neither this Agreement nor anything herein, nor any part of the negotiations had in connection herewith, shall constitute evidence with respect to any issue or dispute, and therefore shall not be

admissible for any purpose in any other proceeding, except to enforce this Agreement.

## VII.  **NON-DISPARAGEMENT**

Plaintiffs agree that they will not, directly or indirectly, make any false, disparaging or derogatory statements regarding Defendants. Defendants agree that they will not, directly or indirectly, make any false, disparaging or derogatory statements regarding Plaintiffs.   This provision includes the use of social media, including but not limited to Facebook, Instagram, Snapchat, LinkedIn, Twitter, etc.

## VIII. **ATTORNEYS' FEES, COSTS, AND EXPENSES**

The amounts to be paid by Defendants as set forth above fully satisfy any and all claims for attorneys' fees, costs, and expenses, including any related litigation expenses, of Plaintiffs.  Defendants have no responsibility for any other or additional fees, costs, or expenses of Plaintiffs, who shall bear responsibility for their own attorneys' fees, costs, and expenses, taxable or otherwise, incurred by them or arising out of this litigation and shall not seek reimbursement thereof from any party to this Agreement.  Defendants shall also bear their own costs and attorneys' fees.

## IX.  **AUTHORITY AND REPRESENTATIONS OF PLAINTIFFS' COUNSEL**

Plaintiffs' Counsel warrants and represents that they are expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken pursuant to this Agreement in order to effectuate its terms.  Plaintiffs' Counsel further warrant and represent that they neither represent, nor are they aware of, any individual who wishes to bring any claim against Defendants based upon essentially the same allegations contained in the Complaint which initiated the civil action being resolved by this Agreement.

## X.    MODIFICATION OF AGREEMENT

This Agreement may not be modified or amended except in writing, signed by the respective counsel of record for the Settling Parties and as approved by the Court.

## XI.   FURTHER COOPERATION

The Settling Parties and their respective attorneys shall proceed diligently to prepare and execute all documents to seek the necessary Court approval, and to do all things reasonably necessary to consummate the Agreement and settlement as expeditiously as possible.

## XII.  CONSTRUCTION AND INTERPRETATION

This Agreement constitutes the entire agreement between the Settling Parties.   Except as expressly provided herein, this Agreement has not been

executed in reliance upon any other oral or written representations or terms, and no such extrinsic oral or written representations or terms shall modify, vary, or contradict their terms.  In entering into this Agreement, the Settling Parties agree that this Agreement is to be construed according to its terms and may not be varied or contradicted by extrinsic evidence.  This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement and/or the written memorandum of understanding, or any specific term or condition thereof. Georgia law shall govern the construction and interpretation of this Agreement.

## XIII.  <u>COUNTERPARTS</u>

This Agreement, any amendments or modifications to it, and any other documents required or contemplated to be executed in order to consummate this Agreement, may be executed in one or more counterparts, each of which shall be deemed an original of this Agreement. All counterparts of any such document together shall constitute one and the same instrument.

## XIV.  <u>BINDING EFFECT</u>

This Agreement is binding upon and shall inure to the benefit of the Settling Parties to this Agreement, as well as their respective attorneys, and past, present,

and future divisions, predecessors, successors, shareholders, officers, directors, employees, agents, trustee, representatives, administrators, fiduciaries, assigns, subrogees, executors, partners, parents, subsidiaries, and privies.  Without limiting the foregoing, this Agreement specifically shall be binding upon the spouses, children, heirs, assigns, successors and offspring of Plaintiffs.


**AGREED AND ACCEPTED BY:**

**For All Plaintiffs by:**

**Dated: _____**            **_____**
                                           **Kenneth Olmstead, as authorized by all**
                                           **Plaintiffs to sign on their behalf**

**and**

**For Defendants RDJE, INC.**
**and RONNY D. JONES by:**

**Dated: _____**            **_____**
                                           **Ronny D. Jones**

WSACTIVELLP:9652006.1